**LESTER E. COX MEDICAL CENTER, Plaintiff-Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION, DIVISION OF EMPLOYMENT SECURITY, and Florence R. Weeks, Defendants-Respondents.**

No. 10737.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 14, 1980.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 6, 1980.

Application to Transfer Denied March 11, 1980.

Donald W. Jones, Jones, Karchmer, Nelms & Sullivan, Springfield, for plaintiff-appellant.

Rick V. Morris, William W. Clinkenbeard, Charles B. Fain, Jefferson City, for defendants-respondents.

GREENE, Judge.

On September 25, 1975, claimant Florence R. Weeks filed an initial claim for unemployment compensation benefits. The claim was denied. Thereafter, she purportedly filed a renewed claim for benefits. The renewed claim form is not in the record. A "deputy's determination concerning claim for benefits", that is in the record, shows May 30, 1976 as the effective date of the renewed claim. The deputy found claimant was eligible for benefits for the week ending June 5, 1976. The cryptic reason given in the determination for such finding was that "The claimant was previously held ineligible because she was not available for work. Since that time, she has been employed and is now available for work." The record is completely devoid of any evidence on which to base such a conclusion. Notice of such determination was mailed to Lester E. Cox Medical Center (employer) on June 18, 1976. The record indicates that claimant had worked as a maid from March 19, 1973, until August 8, 1975, when she quit her job to accept employment in another town.

On June 21, 1976, the employer protested the determination of the deputy that claimant was eligible for benefits. The reason given by the employer for its protest was that claimant was not eligible for benefits in that she was not available for work and had not demonstrated sufficiently that she was actively and earnestly seeking work.

A hearing was set before an appeals referee of the Division of Employment Security for July 28, 1976. Notice of the hearing was mailed to all parties. Claimant failed to appear at the hearing and no evidence was offered in her behalf. The employer appeared by its Personnel Director, Ivan Millstead, who, when called as a witness by the referee, testified as follows:

"MR. MATTESON:

Q. Would you state your name for the record.

A. Ivan Millstead, Personnel Director, Cox Medical Center.

Q. Now, do you have any testimony concerning the claimant's eligibility for benefits for the week ending June 5, 1976?

A. The only testimony that I have is on her availability, and it is my understanding that the claimant has to prove her eligibility. I mean, this is her responsibility; and since she did not show for the hearing, this can not (sic) be proved, that she is able and available for work, and has not demonstrated sufficiently that she is actively and earnestly seeking work by not showing. This is the only question I have. I would like to—to see her work statements.

Q. The claimant last claimed benefits for the week ending January 31, 1976, and then she claimed one week in June of 1976—week ending June 5. Her weekly benefit amount is $37. On—for the week ending June 5, 1976, she earned $94.37, and she

claimed benefits under the temporary, total, or partial unemployment insurance benefit form. So actually, she would not be eligible for benefits during that week because of her earnings.

A. Unh-huhn.

Q. So, we've got—got that into the record now, and

MR. MATTESON:—if you have nothing further, we might as well conclude this hearing, and we'll schedule another one in Lebanon since she lives there, to see if she will appear on her availability for benefits. The hearing is closed.

MR. MILLSTEAD: Very good."

No other evidence was offered by the employer.

The appeals referee, on August 5, 1976, affirmed the deputy's determination that the claimant was eligible for benefits on the grounds that employer's witness failed to present evidence or argument that the deputy's determination appealed from was in error.[1] Employer then made application for review of such decision to the Labor and Industrial Relations Commission (commission) on the grounds that the referee's decision was not supported by competent, substantial evidence on the record, as a whole, and because the claimant failed to appear at the appeals hearing and sustain her burden of proof on the eligibility issue. The commission denied employer's application for review. Employer then filed a petition for judicial review in the Laclede County Circuit Court. That court affirmed the decision of the commission. This appeal followed.

On appeal, employer contends, among other things, that the commission's finding that denied review of the decision of the appeals referee was not supported by competent and substantial evidence. We agree. The burden of proof of the right of a claimant to unemployment benefits is on the claimant. *O'Dell v. Division of Employment Security*, 376 S.W.2d 137, 142 (Mo.

1964); *Central, Etc. v. Labor & Ind. Rel. Com'n*, 575 S.W.2d 889, 892 (Mo.App.1978). In order to sustain her burden of proof with respect to eligibility, claimant was required to prove, by competent and substantial evidence, that she was eligible. *Producers Produce Co. v. Industrial Commission*, 365 Mo. 996, 1007, 291 S.W.2d 166, 173 (banc 1956); *Poggemoeller v. Industrial Com'n, Div. of Emp. Sec.*, 371 S.W.2d 488, 504 (Mo.App.1963). An agency determination based upon so-called findings of fact that are founded on conjecture, opinion or speculation is not based on competent and substantial evidence, and must be set aside. *Atkisson v. Murphy*, 352 Mo. 644, 649, 179 S.W.2d 27, 30 (1944). Such is the case here. There is not a scintilla of evidence in the record to support the conclusion of the deputy that claimant was available for work and, therefore, entitled to benefits. This being so, subsequent determinations by the appeals referee, the commission and the circuit court upholding the initial finding of the deputy were not based on fact. Since there was no evidence of substantial probative value to support a finding that claimant was available for work and, therefore, eligible for benefits, the judgment cannot stand. *S. S. Kresge Co. v. Unemployment Compensation Com'n*, 349 Mo. 590, 594, 162 S.W.2d 838, 840 (1942).

The judgment of the trial court is reversed, and the cause is ordered remanded with directions to the trial court to remand the cause to the Labor and Industrial Commission where an order shall be entered reversing the determinations of the appeals referee and the deputy granting benefits to the claimant.

All concur, except PREWITT, J., recused.

---

1. This finding is in contrast to the referee's statement at the hearing that claimant was *not* eligible for benefits for the week ending June 5, 1976, because of excess earnings.