CONTRACTORS SUPPLY COMPANY, Respondent,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION, Division of Employment Security and James Tyrone Thomas, Appellants.

No. WD 31918.

Missouri Court of Appeals, Western District.

March 30, 1981.

Timothy P. Duggan, Labor & Industrial Relations Com'n, Rick V. Morris, Div. of Employment Security, Jefferson City, for appellants.

Clifton L. Elliott and Gina Kaiser, Roan & Grossman, Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The appeal concerns the claim for unemployment compensation of a worker who voluntarily left employment. The Industrial Commission determined that the worker left for good cause and allowed the benefit. The circuit court reversed that decision and entered judgment for the employer. The worker and the agency appeal.

The claimant Thomas was employed by Contractors Supply Company as a porter for about five years. The normal work week was Monday through Friday, but to facilitate his custodial duty, Thomas worked on Saturday and Sunday. The employer testified that the work arrangement was at the request of Thomas for a more flexible schedule. Thomas testified that the weekend work was imposed by the employer. In any event, Thomas never worked more that a forty-hour week. Then, without reason—other than that of "disgust"—Thomas quit. The employer suggested that Thomas was prompted by an order by the bankruptcy court to withhold for remittance a sum of money from the Thomas wages. The worker advanced numerous grievances to justify the termination of employment: wages due for weekend work, discriminatory denial of participation in the company education program, imposed work duty as a utility man without commensurate pay, among other complaints.

■ The Industrial Commission found that

[t]he primary reason the claimant left his work was because the employer did not pay him overtime wages for weekend work. It is found that the claimant's version of the agreement under which he worked for the employer is the more accurate account of his employment contract. It is found that the claimant should have been paid overtime wages for at least some of the weekend work he performed. Considering the record as a whole, it is found the claimant had good cause to leave his work on May 16, 1979 because he was not paid overtime wages for weekend work. Therefore, it is found the claimant voluntarily left his work on May 16, 1979, with good cause attributable to his employer.

The circuit court adjudged that nothing in the record supported a finding of overtime wage agreement and reversed the decision of the Commission. That the evidence may favor or disfavor an inference of an employment agreement to pay overtime wages for weekend work, however, neither proves nor fails to prove that the voluntary termination of employment was for good cause.

■ The statute disqualifies from unemployment compensation benefits a worker who *has left his work voluntarily without good cause attributable to his work or to his employer.* § 288.050.1(1). A worker has good cause to terminate employment voluntarily when that conduct conforms to what an average person, who acts with reasonableness and in good faith, would do. *Belle State Bank v. Industrial Commission Division of Employment Security,* 547 S.W.2d 841, 846[5] (Mo.App.1977). The burden to prove good cause rests on the claimant, and whether the evidence meets the burden poses a question of law. *Citizens Bank of Shelbyville v. Industrial Commission,* 428 S.W.2d 895, 897[1–3] (Mo.App.1968). The question on appeal, then, is not whether the evidence proved the right to overtime wages under a work contract,[1] but whether

1. The decision by the Industrial Commission that the "employment contract" between Thomas and Contractors Supply Company called for overtime pay for weekend work rests on findings that "the union contract"—more exactly—"the claimant's version of the agreement under which he worked for the employer" made such provision. The union contract was not in evidence, and the claimant's version of its provisions was merely an iteration of an opinion of the union steward. The decision rests on hearsay, lacks probative effect, and so cannot stand. *Lester E. Cox Medical Center v. Labor and Industrial Relations Commission,* 593 S.W.2d 610, 612[1–3] (Mo.App.1980); *Wilson v. Labor and Industrial Relations Commis-*

the decision to quit the job was reasonable and in good faith. *Central Missouri Paving Company, Inc. v. Labor and Industrial Relations Commission*, 575 S.W.2d 889, 892[1–3] (Mo.App.1978).

█ The contention by Thomas for overtime pay for weekend labor, albeit he never worked more than forty hours any week, was inspired by Red, a union official. In the words of the claimant:

Well, he [Red] informed me that anything on Saturday or Sunday was supposed to be overtime pay, regardless; and I asked what I could—you know, what could be done about it, he says, well, I'll talk to him myself if you want me to. And I said, no, I'll speak to him myself about it.

Thomas never spoke to any of the management about that contention. Rather, he quit "in disgust." That precipitate conduct manifested a lack of good faith to consult or advise with the employer—in person or by the union surrogate—to resolve the work grievance.[2] In fact, there was no evidence that Thomas ever confronted management with any of the numerous work complaints which, from the evidence narrative, spoiled

that career from the first. The abrupt disseverance from employment, without prior effort to consult concerning the right of the matter, was unreasonable and not in good faith. The voluntary termination of the employment was without good cause attributable to the work or the employer, and so disqualifies the claimant from unemployment security benefits. *Central Missouri Paving Company, Inc. v. Labor and Industrial Relations Commission*, supra, l. c. 892[1–3].

The judgment of the circuit court is affirmed and the cause is remanded with directions to remand the cause to the Industrial Commission for a decision to deny the claim.

All concur.

█

sion, 573 S.W.2d 118, 120[3–5] (Mo.App.1978); *Atkisson v. Murphy*, 352 Mo. 644, 179 S.W.2d 27, 30[4–6] (Mo.1944).

2. We rest decision on the evidence before the Industrial Commission. A component of the Legal File on appeal, the brief of the employer, contains the purported Agreement between Teamsters Local 541 [to which the claimant then belonged] and the employer which prescribes the grievance process for the com-

plaints the employee Thomas asserts as good cause for the voluntary termination of the employment. The Agreement, however, was not before the Industrial Commission and we give it no heed. The terms of the Agreement aside, the only substantial evidence was of a mechanism available and ready [in the person of union official, Red] to process the claim of the employee for overtime wages but refused by the claimant.