■
**Dene E. KIRN, Appellant,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSIONS, et al. Respondent.**

**No. 49845.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 12, 1985.

James A. Greenblatt, Clayton, for appellant.

Rick V. Morris, Jefferson City, for respondent.

REINHARD, Judge.

Claimant appeals from a decision of the Circuit Court affirming the Labor & Industrial Relations Commission's determination that claimant is disqualified for unemployment benefits pursuant to § 288.050, RSMo 1974 Cum.Supp., because she voluntarily left work without good cause attributable to her work or employer. We affirm.

On October 21, 1981, claimant was hired as a housewares buyer, an executive position, by Associated Dry Goods Corporation —Stix, Baer & Fuller for an annual salary of $28,500. Her immediate supervisor, Ted Westmeyer, gave her a favorable 90-day performance review. However, Westmeyer was demoted in June 1982, and Susan Sherrard replaced him as claimant's supervisor. According to claimant, Sherrard continually harassed her and attempted to engage her in unethical pricing and advertising activities. Claimant exchanged numerous memorandums with Sherrard, in which she outlined some of her concerns, and in late September, 1982, she complained to the Vice-President of Personnel, John Quinn. Claimant noticed no change in her working conditions, but decided to "wait it out" because of rumors that Sherrard would be leaving.

Sherrard did, in fact, resign from her position on October 29, 1982, after giving the company two weeks notice. Just prior to leaving she placed claimant on 60-days probation and submitted a list of specific tasks which claimant was to complete during the probationary period in order to avoid termination. Claimant, who stated that she had been working an increasing number of hours per week during Sherrard's tenure as her supervisor, estimated that the additional assignments would require, at a minimum, 10 to 20 hours per week beyond the 90 hours she claimed she was already working; and thus she had no time available to devote to these tasks.[1] On October 28, 1982, she voiced her complaints to John Quinn, and requested that he delay implementation of the probationary period in light of the fact that Sherrard would no longer be her supervisor. Quinn did not remove her from probation, and she resigned on October 29, knowing that Sherrard would no longer be her supervisor after that date. She made no attempt to comply with the probationary requirements, believing it unreasonable to expect her to do so.

The Appeals Tribunal, after a hearing, found that claimant did not make a good

---

1. Claimant acknowledged that, except for a two-week period, she had at least one assistant working for her. She also indicated that some of these "tasks" were designed to help her organize and become more efficient, but described most of them as "busy work."

faith effort to continue in employment, and thus left work voluntarily without good cause attributable to her work or employer. The Commission adopted the Appeals Tribunal's findings, and its decision was affirmed by the Circuit Court.

On appeal, we review the decision of the Commission, not the judgment of the Circuit Court. *Division of Employment Security v. Labor and Industrial Relations Commission,* 625 S.W.2d 882, 884 (Mo.App. 1981). Decisions of the Commission on questions of law do not bind this court, but as to questions of fact our review is limited to ascertaining upon the whole record whether the Commission could have reasonably made its findings and reached its result considering the evidence most favorable to the decision of the Commission. *Citizens Bank of Shelbyville v. Labor & Industrial Commission,* 428 S.W.2d 895, 897 (Mo.App.1968). The burden to prove good cause rests on the claimant, and whether the evidence meets this burden poses a question of law. *Contractors Supply Co. v. Labor and Industrial Relations Commission,* 614 S.W.2d 563, 564 (Mo.App. 1981).

> The voluntary termination of employment must be made in good faith and conform to the conduct of the average able-bodied and qualified worker in a similar situation to terminate his or her employment with its certain wage rewards in order to enter into the ranks of the compensated unemployed. (Citations omitted).

*Division of Employment Security v. Labor and Industrial Relations Commission,* 636 S.W.2d 361, 363 (Mo.App.1981).

Here, it is obvious from a reading of the transcript that claimant's complaints were related principally to her immediate supervisor, Susan Sherrard. In claimant's statement of facts, she says she received a good review as late as June 1, 1982:

> Thereafter Plaintiff's male supervisor was replaced by ... Susan Sherrard, who, from approximately June 1, 1982, until Plaintiff was constructively terminated from her job on October 29, 1982,

methodically harassed Plaintiff and was destructive, disruptive, denigrating and deceptive in her efforts to obtain Plaintiff's resignation. Moreover, when Plaintiff complained to Susan Sherrard and to the Vice President of Personnel about unethical and illegal pricing and advertising practices, Plaintiff was ignored.

> The Supervisor, Susan Sherrard, resigned on or about October 30, 1982, leaving a legacy of unattainable probationary busy-work, which management sustained, resulting in Plaintiff's resignation on or about October 29, 1982.

We agree with the Commission that claimant has failed to establish good cause. She was aware, when she resigned, that she would no longer be required to work under Sherrard. Although she was told that she would be expected to comply with the 60-day objectives, at the end of that probationary period her progress would have been examined by a new supervisor with a fresh perspective. Furthermore, some of the "tasks", or objectives, would have increased her efficiency, and she could have delegated others to her assistants.

Claimant should have made a greater effort to resolve her dispute with her employer before resorting to the drastic remedy of quitting. *Division of Employment Security v. Labor and Industrial Relations Commission,* 636 S.W.2d at 364. There is substantial and competent evidence to support the Commission's findings of fact, and we hold that claimant's voluntary termination was without good cause attributable to her work or her employer.

The judgment of the circuit court is affirmed.

CRIST, P.J., concurs.

CLEMENS, Senior Judge, concurs in separate opinion.

CLEMENS, Senior Judge, concurring.

Although I concur in the result, I believe our court has thereby condoned submission without a brief by respondent. I realize Rule 84.04(f) does not require a respondent

to file a brief. But several cases, last that of *State ex rel. Neal v. Karl,* 627 S.W.2d 913[1], ruling briefs "by both parties are encouraged in order to give all parties the opportunity to aid the court in reaching a proper decision."