Don Fleury, President
Don Fleury & Associates, Inc.

Exhibit No.

C#1
96-2776?

---

Chiquita STANDEFER, Claimant–
Appellant,

v.

MISSOURI DIVISION OF LABOR AND
INDUSTRIAL RELATIONS COMMIS-
SION and East Newton R–VI School
Dist., Defendants–Respondents.

No. 21446.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 6, 1998.

William J. Fleischaker, Roberts, Fleischaker, Williams, Wilson & Powell, Joplin, for Claimant–Appellant.

R. Lucas Boling, Jefferson City, for Defendant–Respondent Labor & Ind. Relations Comm.

Cynthia A. Quetsch, Jefferson City, for Defendant–Respondent Div. of Employment Security.

PARRISH, Presiding Judge.

Chiquita Standefer (claimant) appeals the determination of the Labor and Industrial Relations Commission (the commission) denying her claim for unemployment benefits. This court affirms.

Claimant was employed as a tenured teacher by East Newton R–VI School District (the district). She was employed from 1981 until June 1992. She was certified to teach music and English.

Claimant taught English when she was first employed. In later years she supervised the district's in-school suspension program, taught speech and drama, and was accompanist for vocal music classes.

In 1991 claimant was informed that the district was considering not retaining its music instructor for the coming school year. She was told that she might be assigned to teach band. In June 1991 claimant contacted the district's superintendent of schools, John Berlekamp, and expressed the concern that she was not qualified to teach band. Mr. Berlekamp asked her to put her concerns in writing. She submitted a hand-written letter stating her concerns.

The district retained the music teacher, Mr. Lanning. During the 1991–92 school

year, Mr. Lanning taught all the music classes at the high school. Claimant did not assist in the music program that year.

Near the end of the 1991–92 school year, claimant was told her job duties for the 1992–93 school year would be speech, drama, vocal music and band. Mr. Berlekamp explained that the district was faced with a revenue loss that required it to cut about $200,000 from its budget. Mr. Lanning, who had been teaching music, was not a tenured teacher. Claimant was tenured and was certified to teach music.

Mr. Berlekamp testified in the appeals hearing before an appeals referee of the Division of Employment Security. He told the referee claimant was certified by the state to teach English, speech, drama and music; that her certification included instrumental and vocal music. He explained:

> So when we looked at what we could do to reduce staff, one area that we zeroed in on was to release Mr. Lanning. A reduction in force and assign the responsibility of his classes, as well as her classes that she had been teaching and he had been teaching to her.

Mr. Berlekamp explained that the high school had a seven-period day for instruction; that each teacher was provided one period per day for planning. The district intended for claimant to be assigned two periods for speech and drama and four "in the music area" for the 1992–93 school year.

Claimant considered the duty assignment for one month then submitted a letter of resignation. She submitted the following letter dated May 1, 1992, to the district's Board of Education, its superintendent and her school principal, Dr. Mark Fickie:

> Gentlemen:
>
> The contract extended to me via Dr. Mark Fickie involves an area (band and jazz band) in which I have no experience and certainly no expertise.
>
> The 1992–93 assignment—speech with the speech squad, drama with the one-act plays at a minimum, chorus, patriot sing-

ers, band, and jazz band—consists of performance based subjects which require considerable time beyond the class room. This kind of teaching load is untenable.

> I feel I have been left no option except to tender my resignation to be effective on the last day of the 1991–92 school term.

Claimant filed a claim for compensation November 30, 1992, in which she stated she had been separated from employment by the district for "lack of work." A deputy director of the Division of Employment Security found that claimant was entitled to benefits. The district appealed. An appeals tribunal reversed the determination finding that claimant voluntarily separated from work without good cause attributable to her work or her employer. Claimant sought review by the commission. The commission affirmed the determination of the appeals tribunal and adopted its decision.

■ Claimant filed a petition for review in the Circuit Court of Newton County, Missouri, pursuant to § 288.210.[1] The circuit court affirmed the decision of the commission. Appellate review by this court, nevertheless, is a review of the decision of the commission, not the judgment of the circuit court. *Kirn v. Labor & Indus. Relations Com'n*, 700 S.W.2d 523, 525 (Mo.App.1985).

■ Claimant presents one point on appeal. It is directed to the commission's finding that claimant left work voluntarily without good cause attributable to her work or to her employer. The commission found:

> The claimant did not speak to the Superintendent of Schools of [sic] the Board of Education in order to attempt to resolve any differences or problems. The claimant is certified by the State Board of Education in the field of English and Music. The claimant has an affirmative obligation to make an attempt to resolve the differences or problems existing in the workplace before she abandons her employment.... It is necessary to find that the claimant acted in good faith before it can be held that she had good cause to leave

1. References to statutes are to RSMo 1994 unless stated otherwise. (This section was rewritten in 1995. It now provides for direct appeal of the commission's decision to the Missouri Court of Appeals. *See* § 288.210, RSMo Supp.1995.)

her employment. Since good faith was not exercised by the claimant, it is concluded that she voluntarily separated from work on May 25, 1992, without good cause attributable to her work or to her employer.

Claimant contends the commission erred in denying unemployment benefits "due to the fact that she failed to complain to her employer's superintendent"; that the commission should have found she terminated her employment for good cause because of changed working conditions and there was no showing a complaint would have produced different results.

Section 288.050.1 provides that a claimant is not entitled to benefits if he or she leaves work voluntarily without good cause attributable to the work or employer. The burden of establishing good cause is on the claimant. *Clark v. Labor & Indus. Relations Com'n,* 875 S.W.2d 624, 627 (Mo.App. 1994). Whether an employee had good cause to terminate employment is a question of law. *Id.* "[G]ood faith is an essential element of good cause." *Id.*

"To establish good faith the employee must prove an effort was made to resolve the dispute before resorting to the drastic remedy of quitting his or her job." *Tin Man Enterprises, Inc. v. Labor & Indus. Relations Com'n,* 866 S.W.2d 147, 149 (Mo.App. 1993). As pointed out in *Clark,* "This is consistent with the purpose behind the Missouri Employment Security Law which is to provide monetary relief for persons *unemployed through no fault of their own.*" 875 S.W.2d at 627 [emphasis in original].

Claimant considered her circumstances for a month after she was informed her teaching assignment for the 1992–93 school year would include teaching vocal music and band. She then resigned. As the commission stated, she did not discuss her concerns with the superintendent or with the school board. She made no effort to resolve the concerns that she told the appeals referee caused her to resign. Her assertion that attempts to resolve her concerns would have not produced a different result is speculative. It is a self-serving, unsubstantiated claim.

The record on appeal supports the determination of the commission. Claimant did not prove she terminated her employment for good cause. The decision of the commission is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.