John D. BUNCH, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. WD 54138.

Missouri Court of Appeals, Western District.

Submitted Dec. 9, 1997.

Decided March 24, 1998.

Jeffrey L. Dull, Windsor, for appellant.

Sharon A. Willis, Kansas City, for respondent.

Before ULRICH, C.J., P.J., and SMART and LAURA DENVIR STITH, JJ.

PER CURIAM.

John D. Bunch quit his job as a custodian at Green Ridge School on September 9, 1996.

He filed a claim for unemployment compensation with the Division of Employment Security on September 12, 1996. A deputy with the division determined that Mr. Bunch left his work voluntarily without good cause attributable to his work or his employer. The Appeals Tribunal affirmed the deputy's determination. The Labor and Industrial Relations Commission ("Commission") affirmed the decision of the tribunal. The sole issue presented by this appeal is whether there is substantial and competent evidence to support the conclusion that Mr. Bunch left his job without good cause attributable to the work or to his employer. The judgment is affirmed.

Mr. Bunch was employed by the Pettis County School District R–VIII as a night custodian at Green Ridge School. When Mr. Bunch began his employment, in September 1995, his supervisor was Kathleen Reusch. A new custodial supervisor, Marji McCallister, was in charge during the 1996–1997 school year. There was also a new superintendent of schools, Dr. Larry Weible. At the beginning of the school year, Ms. McCallister provided Mr. Bunch a list of his new duties. One full-time custodian retired the previous year and this custodian's duties were absorbed by the remaining custodians. Ms. McCallister assigned additional areas of custodial responsibility to Mr. Bunch. Mr. Bunch was given the assignment of cleaning six additional rooms in addition to the eight rooms that he had previously been assigned to clean. The time that he had to clean hallways was reduced, as was his break time. The day custodians were also given additional duties. Although the two day custodians were not enthusiastic about being given additional assignments, neither quit nor indicated that they were not able to perform the additional work. None of the custodians had been reprimanded for being unable to complete their tasks.

Mr. Bunch believed that it was not possible for him to clean the rooms in the time allotted and still do a quality job. He was concerned that he would not be able to satisfactorily perform all of the assigned work and

that there would be complaints from the teachers. Mr. Bunch discussed his concerns with his immediate supervisor. He also talked with the superintendent. Some of his duties were briefly removed from his schedule.

On September 9, 1996, the superintendent told Mr. Bunch that he would remove three rooms for which Mr. Bunch had custodial responsibility from the schedule. That change then left Mr. Bunch with responsibility for two additional classrooms and the library. Mr. Bunch was cordial, and said he understood, but told the superintendent that he could not perform the assigned duties and would not be returning to work.

After Mr. Bunch resigned, he applied for unemployment compensation benefits. A deputy for the Division of Employment Security determined that Mr. Bunch had left work voluntarily without good cause attributable to his work or to his employer. Mr. Bunch appealed the decision. The Appeals Tribunal affirmed the deputy's decision, finding:

> In the case at hand, the claimant quit rather than speed up and lower his quality standards. Although the employer had made changes in the claimant's working conditions, this Tribunal concludes that these changes were not so substantial as to cause most reasonable and prudent persons, wishing to keep working, to give up the certain wage rewards connected with employment. Any concerns the claimant had regarding future complaints or reprimands were not present at the time he decided to quit. Good faith demanded that the claimant work with the employer on these changes and face any difficulties in the future when and if those difficulties arose. Accordingly, this Tribunal concludes that the claimant voluntarily left his employment on September 9, 1996, without good cause attributable to his work or employer.

Mr. Bunch appealed to the Commission. It affirmed the decision of the Appeals Tribunal and adopted it as the decision of the Commis-

sion. One member of the Commission dissented. The dissenting member opined that the major changes in Mr. Bunch's duties constituted good cause to quit.

Mr. Bunch appeals.

■ Section 288.210, RSMo Supp.1996, provides, in pertinent part:

.... The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

This court is not bound by the Commission's conclusions of law or the Commission's application of law to the facts. *Division of Employment Sec. v. Taney County·Dist. R–III,* 922 S.W.2d 391, 393 (Mo. banc 1996).

■ In *Davis v. Research Med. Ctr.,* 903 S.W.2d 557, 571 (Mo.App.1995), this court outlined the process for review of an award made by the Commission in worker's compensation decisions. In *Travelers Equities Sales, Inc. v. Division of Employment Sec.,* 927 S.W.2d 912, 917 (Mo.App.1996) we held that the *Davis* standard was applicable to employment security decisions as well. Review is a two-step process. First, an appellate court must determine whether the whole record, viewed in the light most favorable to the decision, contains sufficient competent and substantial evidence to support the Commission's decision. *Davis,* 903 S.W.2d at 571.

If it does, the court, in the second step, makes a determination as to whether the decision is against the overwhelming weight of the evidence. *Id.* In this second step, the reviewing court considers all of the evidence in the record, including that not favorable to the decision. *Id.* The Commission's determination of whether an employee voluntarily left his employment or was discharged is a factual determination. *Sokol v. Labor & Indus. Relations Comm'n,* 946 S.W.2d 20, 24 (Mo.App.1997). The question of whether a claimant had good cause to leave his employment is a legal issue and thus we do not defer to the Commission's determination on the matter. *Id.* at 26. "Good cause" for purposes of determining eligibility for unemployment benefits has no fixed or precise meaning, and is judged by the facts of each case. *Id.*

In his sole point, Mr. Bunch contends that the Commission erred in finding that he quit his job voluntarily without good cause attributable to his work or to his employer because the facts found by the Commission did not support the order and the record does not contain sufficient competent evidence to support the Commission's determination.

■ Mr. Bunch bears the burden of proving that his voluntary termination resulted from good cause attributable to his work or employer. *Hessler v. Labor & Indus. Relations Comm'n,* 851 S.W.2d 516, 518 (Mo. banc 1993). In determining whether Mr. Bunch has met this burden, we are guided by § 288.020, RSMo 1994, which directs that the unemployment security law be liberally construed so as to further the public policy of Missouri in setting aside unemployment reserves to benefit persons unemployed through no fault of their own. *Sokol,* 946 S.W.2d at 23. Section 288.050 provides that, where an employee voluntarily quits his job, he must have good cause attributable to his work or employer to do so in order to receive unemployment compensation benefits. The legislative purpose of this statute is to create an incentive for persons who are employed to remain employed. *Hessler,* 851 S.W.2d at

518. "Good cause" has been interpreted as meaning "cause that would motivate the average able-bodied and qualified worker in a similar situation to terminate his or her employment." *Id. (quoting Belle State Bank v. Industrial Comm'n,* 547 S.W.2d 841, 846 (Mo.App.1977)). The conditions that motivate the employee to voluntarily leave "must be real, not imaginary, substantial, not trifling, and reasonable, not whimsical, and good faith is an essential element." *Id.* Two elements have thus been identified as necessary in establishing good cause—reasonableness and good faith. *American Family Ins. Co. v. Hilden,* 936 S.W.2d 207, 210 (Mo.App. 1996). Our inquiry focuses on whether the employee's action in voluntarily terminating his employment was reasonable and if the employee acted in good faith. *Id.*

Whether the employee's action was reasonable depends upon whether the employee can prove that his concerns are real or that any reasonable worker would have these concerns. *Heavy Duty Trux Ltd. v. Labor & Indus. Relations Comm'n,* 880 S.W.2d 637, 641 (Mo.App.1994). Good faith requires that the employee make a showing that an attempt was made to resolve the dispute before he took the drastic step of quitting the job. *Id.*

Mr. Bunch argues that he had good cause to leave his employment because his workload was almost doubled and he was given less time to perform his work. The undisputed evidence in the record shows that, in actuality, his workload, as adjusted by the superintendent, was not almost doubled. The superintendent reduced the additional burden to two classrooms and the library. The determination of good cause is a question of law, and there are two elements of good cause, reasonableness and good faith. There is no issue of good faith in this appeal because the Commission did not find bad faith. The sole issue here is one of the reasonableness of Bunch's voluntary departure from employment. Reasonableness, an element of good cause, is also a question of law, and like good cause, it depends on the

facts of each particular case. *See Rothschild v. Labor & Indus. Relations Comm'n,* 728 S.W.2d 720, 722 (Mo.App.1987) (court held that, on facts as found by Commission, employee was not reasonable in refusing to return to work). Mr. Bunch's argument would be stronger if he had stayed on the job until it became evident he could not satisfactorily perform his assigned duties. Mr. Bunch did not even attempt to perform his new duties. Although we recognize that Mr. Bunch's duties were substantially increased, we cannot say that the increase in his duties was so great that we can rule that, as a matter of law, his separation from employment was reasonable. Even if the initial additional duties assigned to him constituted a substantial change in his working conditions, the subsequent modification of those duties reduced the proposed workload so that the overall change was not so substantial that a reasonable person would have given up the employment without first undertaking to complete his new schedule of duties, as modified. We hold that the Commission's conclusion in this regard was correct as a matter of law.

Judgment is affirmed.