Mischell MENDIOLA, Appellant,

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

No. WD 55693.

Missouri Court of Appeals, Western District.

Jan. 5, 1999.

James Charles Johns, Clinton, for Appellant.

Sharon Willis, Division of Employment Security, Kansas City, for respondent.

PAUL M. SPINDEN, Judge.

Mischell Mendiola appeals the Labor and Industrial Relations Commission's decision [1] that she cannot receive unemployment compensation benefits until after 10 weeks of unemployment because she voluntarily left her job with D'Pezium, Inc., without good cause attributable to her work or to her employer. We reverse the decision and remand the case to the commission.

Mendiola worked for D'Pezium, a telecommunications hardware company, as an assembly worker. On October 8, 1997, she telephoned the president of D'Pezium, Leonard Dean Petty, and told him that she had been injured in an automobile crash and that her medical doctor told her not to work for three days. Petty said that Mendiolla's not being at work for three days would be acceptable, but, according to Mendiola, he admonished her to get her medical doctor's approval before returning to work.

Petty assumed Mendiola would, as dictated by company policy, return to work after three days—or on Monday, October 13, since the third day was a Friday. When Mendiola did not return to work on October 13 and did not telephone him, Petty assumed that she had quit, and he hired someone else to replace her. Mendiola returned to work on Monday, October 20, and found someone else doing her job. D'Pezium had established a policy that employees absent from work for three days without reporting their absence to D'Pezium were deemed to have abandoned their jobs.

On October 28, 1997, Mendiola applied for unemployment benefits. One of the Division of Employment Security's deputies determined that Mendiola was disqualified from receiving unemployment benefits for four weeks because D'Pezium had discharged her for misconduct connected with work. Mendiola appealed the deputy's decision to the

---

1. Although *no judicial officer recognized by* Mo. Const., art. V (1945), has issued a judgment in this case, we presume we have jurisdiction to consider an appeal directly from the commission by the authority of § 288.210, RSMo Supp.1997, and Mo. Const., art. V, § 18. Our presumption is consistent with the Supreme Court's finding of jurisdiction in workers' compensation cases pursuant to § 287.495 in *Goodrum v. Asplundh Tree Expert Co.*, 824 S.W.2d 6, 8–9 (Mo. banc 1992).

division's appeals tribunal which affirmed the deputy's decision. The appeals tribunal, however, found that Mendiola was disqualified from receiving unemployment benefits for 10 weeks because she voluntarily left her job without good cause attributable to her work or to her employer. Mendiola appealed this decision to the commission which adopted the appeals tribunal's decision as its own. Mendiola appeals the commission's decision to us.

■ The General Assembly said in § 288.050.1(1), RSMo Supp.1997, that, before an employee can receive unemployment compensation immediately, the employee must have quit his job for good cause. The statute says:

Notwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after the claimant has earned wages for work insured pursuant to the unemployment compensation laws of any state equal to ten times the claimant's weekly benefit amount if the deputy finds:

(1) That the claimant has left work voluntarily without good cause attributable to such work or to the claimant's employer[.]

"A worker has good cause to terminate employment voluntarily when that conduct conforms to what an average person, who acts with reasonableness and in good faith, would do." *Contractors Supply Company v. Labor and Industrial Relations Commission,* 614 S.W.2d 563, 564 (Mo.App.1981). *See also American Family Insurance Company v. Hilden,* 936 S.W.2d 207, 210 (Mo.App.1996).

■ The issue for us to resolve is whether the commission's determination, that Mendiola's decision not to show up for work until October 20 was unreasonable and not made in good faith, is supported by substantial and competent evidence. In reviewing the commission's decision, we first determine whether substantial and competent evidence supports its decision, and, if it does, whether the decision is contrary to the overwhelming weight of the evidence. *Bunch v. Division of Employment Security,* 965 S.W.2d 874, 877 (Mo.App.1998). The commission's decision is contrary to the overwhelming weight of the evidence.

Mendiola testified that, when she telephoned Petty on October 8 regarding her initial absences from work, Petty told her not to come back to work until her medical doctor verified that she could do her job without limitations. Petty acknowledged telling her that she could not return to work without her medical doctor's release. The only dispute is whether Petty caused Mendiola to believe that she did not need to telephone the company until her medical doctor had released her. Petty did not dispute Mendiola's assertion that Petty caused her to believe this; he merely stated that not calling within three days was contrary to company policy. He testified:

I believe that Mischell [Mendiola] believes she followed the procedures. I don't believe she did. That's why she was terminated.... And she was a good conscientious worker. That's—I—I'm—you know, that's why I want to withdraw the protest for claims on unemployment. I think she thought she was doing right. But to enforce the policies of the company fairly with all employees, policies were followed.

He also acknowledged telling her that she needed her medical doctor to verify that she was ready to return to work.

Mendiola's believing that she was following her supervisor's instructions by waiting to return to work until her medical doctor agreed that she could perform all of her duties did not constitute unreasonableness and bad faith. This record establishes, at best, a communication failure, and that does not support a finding that she acted in bad faith.

We, therefore, reverse the commission's decision that Mendiola voluntarily left her job without good cause attributable to her work or to her employer. We remand to the commission to enter an order consistent with this opinion.

HAROLD L. LOWENSTEIN, Presiding Judge, and VICTOR HOWARD, Judge, concur.