Vincent McQUINN, Appellant,

v.

LAWSON EQUIPMENT and Division of Employment Security, Respondents.

No. WD 55941.

Missouri Court of Appeals,
Western District.

Feb. 23, 1999.

Brent Winterberg, Kansas City, for appellant.

Sharon Willis, Division of Employment Security, Kansas City, for respondents.

Before HAROLD L. LOWENSTEIN, Presiding Judge, and PATRICIA BRECKENRIDGE, Chief Judge, and PAUL M. SPINDEN, Judge.

## APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

SPINDEN, J.

Vincent McQuinn appeals the Labor and Industrial Relations Commission's decision[1] that he is not eligible for unemployment benefits because he voluntarily quit his job with Lawson Equipment without good cause attributable to his work or to his employer. We affirm the commission's decision.

Lawson Equipment was a farm equipment sales and service company where McQuinn had worked for eight years. On November 28, 1997, McQuinn delivered farm equipment to a customer and returned to Lawson Equipment's office at approximately 3:00 P.M. When McQuinn returned, Charles Lawson, Lawson Equipment's president, asked McQuinn to deliver a tractor to a customer. McQuinn replied that he had not had a lunch break and that he would make the delivery the next day. Lawson told McQuinn that the delivery had to be made that day and said, "If you take a break, don't come back." McQuinn said that he took the remark to mean that he had been fired; however, he did not ask Lawson for any further explanation. Lawson said that he meant that, if McQuinn took a lunch break, he would not have time to make the delivery, so he saw no reason for McQuinn to return to work that day. McQuinn left and never returned to work.

McQuinn applied for unemployment benefits on December 4, 1997. One of the Division of Employment Security's deputies determined that McQuinn was not qualified to receive unemployment benefits because, the deputy concluded, McQuinn had quit his job voluntarily without good cause attributable to his work or his employer. McQuinn appealed the deputy's decision to the division's appeals tribunal which affirmed the deputy's decision. McQuinn appealed this decision to the commission which adopted the appeals tribunal's decision as its own. McQuinn appeals the commission's decision.

In reviewing the commission's decision, we first determine whether substantial and competent evidence supports its decision, and, if it does, whether the decision is contrary to the overwhelming weight of the evidence. *Bunch v. Division of Employment Security*, 965 S.W.2d 874, 877 (Mo.App.1998). McQuinn contends that the commission's decision that he was not discharged and that he voluntarily quit his job without good cause attributable to his work or his employer was not supported by substantial and competent evidence. We disagree.

The General Assembly said in § 288.050.1(1), RSMo Supp.1997, that, to qualify for unemployment compensation, an employee must have quit his job for good cause attributable to his work or his employer. The proper means for determining whether an employee had "good cause" to quit his job is to compare his conduct with that of an average person who acts reasonably and in good faith. *Contractors Supply Company v. Labor and Industrial Relations Commission*, 614 S.W.2d 563, 564 (Mo.App. 1981). *See also American Family Insurance Company v. Hilden*, 936 S.W.2d 207, 210 (Mo.App.1996). A good indicator of an employee's "good faith" is his attempt to resolve a dispute before quitting. *Wingo v. Pediatric and Adolescent Medical Consultants, Inc.*, 932 S.W.2d 898, 900 (Mo.App. 1996).

The commission concluded that Lawson did not fire McQuinn and that McQuinn did not act reasonably in not returning to work. The commission determined that Lawson's telling McQuinn, "If you take a break, don't come back," was ambiguous and that a reasonable worker would have asked Lawson to clarify what he meant. "By not taking the reasonable step of inquiring further about the matter," the commission decided,

---

1. Although no judicial officer recognized by Mo. CONST., art. V (1945), has issued a judgment in this case, we presume that we have jurisdiction to consider an appeal directly from the commission by the authority of § 288.210, RSMo Supp. 1997, and Mo. CONST., art. V, § 18. Our presump-

tion appears to be consistent with the Supreme Court's finding of jurisdiction in workers' compensation cases pursuant to § 287.495 in *Goodrum v. Asplundh Tree Expert Co.*, 824 S.W.2d 6, 8–9 (Mo. banc 1992).

"[McQuinn] did not use all the means reasonably available to him to keep his job."

Substantial and competent evidence supported the commission's decision. The commission had a sufficient basis for concluding that McQuinn did not act in good faith because he did not ask for clarification; he concluded that Lawson meant that he should *never* come back. We discern no basis for overturning the commission's conclusion that Lawson's instruction was sufficiently ambiguous that a reasonable person would not have assumed that he was being discharged and would have asked for clarification.

We affirm the commission's decision that McQuinn voluntarily quit his job without good cause attributable to his work or to his employer.

HAROLD L. LOWENSTEIN, Presiding Judge, and PATRICIA BRECKENRIDGE, Chief Judge, concur.