Leslie MILLER, Appellant,

v.

**BANK OF THE WEST, Defendant,**

**Division of Employment Security, Respondent.**

**No. WD 68768.**

Missouri Court of Appeals, Western District.

Sept. 30, 2008.

George S. Miller, Maryville, for appellant.

Matthew R. Heeren, Jefferson City, for respondent.

Before JOSEPH M. ELLIS, P.J., and JOSEPH P. DANDURAND and RONALD R. HOLLIGER, JJ.

RONALD R. HOLLIGER, Judge.

Leslie Miller (hereinafter Miller) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying her unemployment compensation benefits after she voluntarily left employment with Bank of the West (Bank). We affirm the judgment because Miller was not denied Due Process, and substantial and competent evidence shows that she did not have good cause, attributable to her work or to Bank, to quit.

## Factual and Procedural Background

Miller learned of a job opportunity with Bank through an internet posting. Miller had prior banking experience and was not interested in working solely as a teller. The posting gave a brief description of the job and stated that it involved both finance service and teller work. When Miller was hired for the position in June of 2006, she was told she would spend sixty percent of her time as a teller and forty percent as a finance service consultant, given staffing and customer needs. Instead, she spent ninety percent of her time as a teller.

Miller began complaining to her supervisor, in September 2006, that she was spending too much time on the teller line. In November, she was told there was not enough office space for her to perform financial service work more regularly. Miller continued her complaints when a new branch manager, Chad Heggem, was hired. Things improved for one month in early 2007, when Miller spent seventy-five percent of her time on the teller line. However, she was soon again spending ninety percent of her time as a teller, and this continued until she voluntarily left her employment on March 2, 2007.

On February 9, 2007, Miller met with Heggem and her immediate supervisor, renewed her complaints, and requested a copy of her job description. Heggem told her he would get back to her on February 14, after he returned from a business trip. However, Heggem was not available on February 14 and did not contact Miller thereafter. Miller gave notice on February 16. She claims she quit not only because of excess time on the teller line, but also because a finance service consultant had been receiving commissions on business Miller acquired. Miller cannot remember the names on these accounts.

Miller filed a claim for unemployment compensation. Bank protested her claim on the basis that she voluntarily quit for personal reasons. A Deputy assigned to the claim determined Miller was not disqualified because she quit with good cause attributable to her work or employer. After a hearing before an Appeals Referee, the Appeals Tribunal reversed.

According to Miller's hearing testimony, in early 2007 Heggem said he was trying to build a case to terminate a current financial service consultant and asked Miller if she was interested in that position. Also during the hearing, Heggem stated that he was not previously aware that Miller claimed she spent ninety percent of her time as a teller. In an apparent attempt to impeach this statement, Miller's counsel attempted to question Heggem as to whether he had reviewed documents submitted to the Missouri Division of Employment Security pertaining to the case. One of those documents was completed by Miller after she quit work and indicated that she claimed ninety percent of her time was spent behind the teller line. However, the Referee stopped this line of questioning, finding it irrelevant because the forms were completed after Miller's employment ended.

The Referee similarly disallowed testimony solicited from Miller by her counsel regarding Heggem's comments about trying to terminate a financial service consultant. The Referee then stated they had run out of time for the hearing. He invited counsel to ask Miller any question related to matters not already in the record. Miller's counsel stated, "You're cutting me off. That's fine."

The Commission later affirmed the Tribunal's decision and adopted it. Miller appeals.

### Standard of Review

 We may modify, reverse, remand for rehearing, or set aside the decision of the commission only on the following grounds: (1) That the commission acted without or in excess of its powers; (2) That the decision was procured by fraud; (3) That the facts found by the commission do not support the award; or (4) That there was no sufficient competent evidence in the record to warrant the making of the award. Section 288.210, RSMo Cum.Supp. 2007. We will affirm if, "considering the whole record, there is sufficient competent and substantial evidence to support the award." *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003). If the evidence before the Commission would warrant either of two opposed findings, we are bound by the Commission's determination. *Pulitzer Publ'g Co. v. Labor & Indus. Relations Comm'n,* 596 S.W.2d 413, 420 (Mo. banc 1980).

### Discussion

Miller contends in her first point that the Referee's refusal to allow additional evidence during the hearing amounts to a deprivation of Due Process. She cites three instances of this deprivation.

First, Miller argues she should have been allowed to continue her cross examination of Heggem regarding his review of documents prepared after Miller quit. The Referee disallowed this questioning as irrelevant. Miller contends that, because Heggem denied knowledge that Miller claimed to have spent ninety percent of her time behind the teller line, whether he had reviewed documents containing that claim was relevant for impeachment purposes.

In addition, Miller argues her counsel should have been allowed to revisit the issue of Heggem's purported statement to Miller that he was trying to get a financial services consultant terminated. Heggem denied making this statement. The Referee prevented Miller from giving further testimony on this issue. Miller contends the statement is relevant to whether she acted reasonably in delaying termination of her employment, and further questioning of her would have established that Heggem actually made the statement.

Finally, Miller argues the Referee's termination of the hearing due to their running out of time, without his having previously given notice of any time limitation, also deprived her of Due Process.

 The Appeals Tribunal must provide a "reasonable opportunity for fair hearing." Section 288.190.3, RSMo Cum.Supp. 2007. "The hearing officer shall review the issues presented and set forth the procedures to be followed during the hearing." 8 CSR 10–5.015(10)(A). "The hearing officer may examine all parties and witnesses and shall determine the order of testimony and procedure for each hearing." *Id.* "The hearing need not be conducted according to the common law or statutory rules of evidence or the technical rules of procedure." 8 CSR 10–5.015(10)(B)4. "Decisions rendered by an administrative body are presumed to be valid, and appellants carry the burden of overcoming this presumption by establishing unfairness in the procedure." *Lusher*

*v. Gerald Harris Constr., Inc.,* 993 S.W.2d 537, 543 (Mo.App. W.D.1999).

Miller has failed to meet her burden. She was given ample opportunity to examine Heggem and the Referee's disallowance of further questioning, on the tangential issue of whether Heggem knew the specifics of Miller's claims, was not constitutionally unfair. Moreover, additional questioning of Miller, on the issue of what Heggem said about seeking termination of another employee, would have been cumulative. Miller had already been heard on this matter and the referee acted within his discretion in limiting further testimony from the same witness on the same matter.

Finally, Miller was not deprived of Due Process by the termination of the hearing. The regulations give the referee considerable discretion in examining witnesses and controlling the procedures to be used during the hearing. He need not strictly observe the rules of procedure. At the end of the hearing, the Referee invited Miller's counsel to address additional matters, stating, "[I]f there's something additional, something that has not already been placed into the record, you may ask her that. But, anything that's already been covered, again, we're tape recording. I don't need that restated." This was an invitation to continue the hearing, and Miller may not now claim that her own failure to take advantage of it denied her of Due Process.

Point I is denied.

In her second point, Miller argues she left Bank with good cause because she spent ninety percent of her time on the teller line, she was not given a list of her job duties as requested, and she was not given commissions on business she brought to Bank.

A worker is denied unemployment benefits if she voluntarily quits her job, absent good cause attributable to her work or employer. Section 288.050.1(1), RSMo Cum.Supp.2007; *Heavy Duty Trux Ltd. v. Labor Indus. Relations Comm'n,* 880 S.W.2d 637, 641 (Mo.App. W.D.1994). While the issue of whether an employee had good cause to leave her employment is one of law, which we review *de novo,* the Commission's factual findings are conclusive if supported by competent and substantial evidence. *Heavy Duty Trux Ltd.,* 880 S.W.2d at 640–41.

"Good cause" means "cause that would motivate the average able-bodied and qualified worker in a similar situation to terminate his or her employment." *Bunch v. Div. of Employment Sec.,* 965 S.W.2d 874, 878 (Mo.App. W.D.1998) (quotation marks omitted). It must be "cause reasonably sufficient to justify an employee in voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." *Belle State Bank v. Indus. Commn Div. of Employment Sec.,* 547 S.W.2d 841, 846 (Mo.App.1977). The two elements of good cause are reasonableness and good faith. *Bunch,* 965 S.W.2d at 878. The employee's action is reasonable only if she proves her concerns are real or a reasonable worker would have them. *Id.* The actions are in good faith if she shows "that an attempt was made to resolve the dispute before [she] took the drastic step of quitting the job." *Id.*

The Commission specifically found that Miller continued in her employment for four months after being informed that there was no sufficient office space for her to perform finance service work. It also found that she could not provide the names for the accounts she contends she brought to Bank and for which she did not receive commissions. Moreover, the Commission found that Miller resigned before Heggem returned from his business trip and could provide her a job description. Because these factual findings are supported by

substantial and competent evidence, contained in the hearing transcript, we consider them conclusive.

In light of these findings and our own review of the transcript, Miller has not met her burden to show good cause for leaving Bank. No doubt, Miller did attempt to resolve the issue of excessive time on the teller line by repeatedly complaining to her supervisors and requesting a detailed job description. A reasonable worker in her situation would also be concerned that she was spending more time as a teller than performing the finance service work in which she expressed a primary interest.

However, a reasonable worker in Miller's position would not have chosen unemployment over employment with Bank under the circumstances. Miller was employed in her industry of choice and admits to having spent some of her time performing her desired type of work. Her employer demonstrated a commitment to addressing her concerns by temporarily improving the situation in early 2007. Bank's inability to provide her with exactly the amount of finance service work she desired does not constitute good cause, attributable to the work or the Bank, for voluntarily becoming unemployed. Nor has Miller met her burden on the issue of whether she was unjustly deprived of commissions. There is substantial and competent evidence in the record demonstrating that Miller could not even identify these accounts. There is also substantial and competent evidence demonstrating that Miller was given a description of her job duties when she began her employment, as Heggem testified to this fact.

## Conclusion

The decision of the Labor and Industrial Relations Commission is affirmed.

JOSEPH M. ELLIS, Presiding Judge, and JOSEPH P. DANDURAND, Judge, concur.