**Donella R. WHITE, Appellant,**

v.

**DIVISION OF EMPLOYMENT SE-
CURITY, STATE OF MIS-
SOURI, Respondent.**

**No. WD 52400.**

Missouri Court of Appeals,
Western District.

Oct. 15, 1996.

Donnella White, Clarksville, TN, for appellant.

Sharon Willis, Division of Employment Security, Kansas City, for respondent.

Before ULRICH, C.J., P.J., and
SPINDEN and EDWIN H. SMITH, JJ.

SPINDEN, Judge.

Donella R. White appeals the denial of unemployment insurance compensation by the Labor and Industrial Relations Commission. The commission concluded that White voluntarily left her employment without good cause attributable to her work or her employer. White appeals. We affirm.

White worked for Aerospace Credit Union in St. Charles from December 13, 1993, to August 11, 1995. In June 1995, White's husband, who was in the military, was transferred to Clarksville, Tennessee. She gave Aerospace Credit Union notice of her husband's transfer and announced that she would be moving to Tennessee. White's last day of work was on August 11, 1995.

On October 30, 1995, White filed a claim for unemployment benefits. A deputy from the Division of Employment Security denied

her claim on November 21, 1995, because White left her job with Aerospace voluntarily without good cause attributable to her work or employer. White appealed to the division's appeals tribunal, and on January 1, 1996, the appeals tribunal affirmed the deputy's determination. White appealed that decision to the Labor and Industrial Relations Commission, and on February 16, 1996, the commission adopted the decision of the appeals tribunal.

 In her appeal, White asserts that the commission erred in concluding that she voluntarily quit her job without good cause attributable to her work or her employer because her "husband received military orders transferring him and his dependents, [she] notified her employer of this fact, and her employer was incapable of accommodating [her]." White suggests that because Aerospace did not have an office in Tennessee and could not accommodate her move, she was entitled to unemployment benefits.

In support of her position, she relies on *Hessler v. Labor and Industrial Relations Commission*, 851 S.W.2d 516 (Mo. banc 1993). White argues that the *Hessler* case stands for the proposition that a termination is involuntary if an employer is unable to accommodate an employee. She asserts, "Since I notified my employer and since my employer could not accommodate me, *Hessler,* contemplates that my termination was involuntary, with good cause, and attributable to my work or employer."

White misunderstands *Hessler*. In that case, the Missouri Supreme Court considered the issue of whether an employee who voluntarily terminated her employment for health reasons without permitting her employer the opportunity to accommodate her health concerns, quits with good cause. The court concluded that because the employee did not confer with her employer about her health problems before quitting to determine whether the employer could meet her special needs, she did not quit with good cause. *Id.* at 518–19. Relocation because of a spouse's military transfer is not equivalent to being unable to work because of health reasons. While we understand White's desire to move to Tennessee to be with her husband, it was, nonetheless, a voluntary decision not attributable to her work or to her employer.

 "Section 288.050.1[, RSMo 1994,] makes good cause a condition precedent to immediate receipt of unemployment compensation benefits where the employee voluntarily quits his or her job." *Id.* at 518. The statute says:

> Notwithstanding the other provisions of this law, a claimant shall be disqualified for ... benefits until after he has earned wages for work insured under the unemployment compensation laws of any state equal to ten times his weekly benefit amount if the deputy finds:
>
> (1) That he has left his work voluntarily without good cause attributable to his work or to his employer[.]

The *Hessler* court said, "[I]t must be the work or employer himself that creates the condition making it unreasonable to expect this employee to continue work." *Id.* (Emphasis omitted.) Relocation of White's husband to Tennessee was not a reason attributable to work or to Aerospace; it was attributable to her husband's military orders.

We affirm the decision of the commission.

ULRICH, C.J., P.J., and SMITH, J., concur.