Shelton PARTEE,
Claimant/Respondent,

v.

WINCO MANUFACTURING, INC.,
Employer/Appellant,

and

Division of Employment Security,
Respondents.

No. ED 83605.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 2004.

Rehearing Denied Aug. 10, 2004.

**36**

Chad A. Horner, Mark W. Weisman, St. Louis, MO, for appellant.

Shelton Partee, St. Louis, pro se.

Ninion S. Riley, Jefferson City, MO, for respondents.

LAWRENCE E. MOONEY, Judge.

The employer, Winco Manufacturing, Inc., appeals from the Labor and Industrial Relations Commission's decision finding that the claimant, Shelton Partee, was not disqualified for unemployment compensation benefits because the claimant had good cause attributable to his work or to his employer to quit his job. In its sole point on appeal, the employer alleges that the facts found by the Commission do not support the award. Rather, the employer contends the facts show that the claimant voluntarily quit his job without good cause. Because we find that the claimant failed to establish good cause attributable to his work or to his employer, we reverse.

*Factual and Procedural Background*

The claimant worked for employer as a machine operator in the employer's cutting and fabrication department. The claimant's supervisor brought the claimant into a meeting with a human resources administrator for the purpose of issuing a reprimand to the claimant for cutting pieces of metal improperly. During the course of this meeting, the claimant informed the human resources administrator that he objected to the manner in which his supervisor had spoken to him in the shop. The claimant told the human resources administrator that his supervisor had cussed him out, degraded him, humiliated, and disrespected him. The claimant asked to be transferred to another department. The human resources administrator informed the claimant that she could not transfer him without first performing an investigation, and asked the claimant to provide details of the alleged verbal abuse. The claimant declined to provide additional details. The meeting concluded with the claimant turning in his employee's badge and leaving the employer's premises.

Later, at the hearing before the Appeals Tribunal in this matter, the claimant testified that his supervisor had come over to his work area, screaming and cursing at him, saying "mother fuckers," "son-of-a-bitches," and "cock-suckers." The supervisor denied using these words, but did admit saying "goddamit, Shelton, you're not paying attention," and "[y]ou're not paying attention [to] what the hell you're doing." The claimant also stated that he had experienced this kind of behavior from his supervisor before, and that he had tried to talk to his supervisor about the conduct on several occasions, to no avail. The Commission found credible the claimant's testimony the supervisor had called the claimant names.

After leaving his job, the claimant filed for unemployment compensation benefits. A deputy for the Missouri Division of Employment Security determined that the claimant was disqualified for benefits finding that the claimant left work voluntarily without good cause attributable to his

work or his employer.[1] The claimant appealed to the appeals tribunal for the Division, and a hearing was held. The appeals tribunal likewise found that the claimant was disqualified for benefits because he left work voluntarily without good cause attributable to his employer.[2] The claimant then appealed to the Commission. The Commission reversed the decision of the Appeals Tribunal, holding that the claimant was not disqualified for benefits because he voluntarily quit his job for good cause attributable to his work or to his employer to quit the employment. The employer now appeals, arguing that the facts show the claimant voluntarily quit his job without good cause.[3]

### Standard of Review

Our review of the Commission's decision in an unemployment compensation case is governed by Article 5, Section 18, of the Missouri Constitution and Section 288.210 RSMo. (2000).[4] *Lashea v. Fin–Clair Corporation*, 30 S.W.3d 237, 240 (Mo.App. E.D.2000); *Cooper v. Hy–Vee, Inc.*, 31 S.W.3d 497, 501 (Mo.App. W.D.2000). The statute provides, in pertinent part, that we may modify, reverse, remand for rehearing, or set aside the Commission's decision only where: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; (4) there was no sufficient competent evidence in the record to warrant the making of the award. Section 288.210. In the absence of fraud, the Commission's factual findings shall be conclusive and binding if supported by competent and substantial evidence. Section 288.210; *Lashea*, 30 S.W.3d at 240. This Court, however, is not bound by the Commission's conclusions of law, nor its application of the law to the facts. *Bunch v. Division of Employment Security*, 965 S.W.2d 874, 877 (Mo.App. W.D.1998) *citing Division of Employment Security v. Taney County District R–III*, 922 S.W.2d 391, 393 (Mo. banc 1996); *Moore v. Swisher Mower & Machine Co., Inc.*, 49 S.W.3d 731, 737 (Mo.App. E.D.2001). Further, where there is no factual dispute, and the issue is the construction and application of the statute to virtually uncontroverted facts, the issue is one of law. *See Taney*, 922 S.W.2d at 393. We defer to the Commission on its assessment of credibility. *Lashea*, 30 S.W.3d at 240. Our function is to determine whether the Commission, based upon the whole record, could have reasonably made its findings and reached its result. *Id.*

### Discussion

■■■ A claimant is not eligible for unemployment benefits if he voluntarily quits his job without good cause attributable to the work or the employer. Section 288.050.1; *Lashea*, 30 S.W.3d at 240.[5]

---

1. Specifically, the deputy found the claimant was disqualified for benefits until the claimant had earned wages for insured work after February 25, 2003, equal to ten times his weekly benefit amount because the claimant left work voluntarily without good cause attributable to his work or his employer.

2. The appeals tribunal modified the deputy's determination, finding instead that the claimant was disqualified for benefits until he had earned wages for insured work after February 28, 2003, rather than February 25, 2003.

3. No brief was filed on behalf of either the claimant, or the Division of Employment Security.

4. All further statutory references are to RSMo. (2000).

5. Specifically, Section 288.050.1 provides, in pertinent part, as follows:

   "Notwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after the claimant has earned wages for work insured

But, there is no disqualification if there is found to be good cause attributable to the work or employer. *Tin Man Enterprises, Inc. v. Labor and Industrial Relations Commission of Missouri*, 866 S.W.2d 147, 149 (Mo.App. E.D.1993). A claimant bears the burden of proving that his voluntary termination resulted from good cause attributable to his work or employer. Section 288.050.1; *Hessler v. Labor & Industrial Relations Commission*, 851 S.W.2d 516, 518 (Mo. banc 1993); *Lashea*, 30 S.W.3d at 240.[6] Whether a claimant's reason for leaving his employment constituted good cause is a legal issue on which we do not defer to the Commission's determination. *Lashea*, 30 S.W.3d at 240–1.

■ The statute providing for unemployment compensation benefits indicates a legislative intention to create an incentive for employed persons to remain employed by withholding benefits from those who quit their job without good cause. *Hessler*, 851 S.W.2d at 518. "Good cause" has no fixed or precise meaning, and is judged by the facts of each case. *Cooper*, 31 S.W.3d at 502. "Good cause" has been interpreted by Missouri courts as being:

> cause that would motivate the average able-bodied and qualified worker in a similar situation to terminate his or her employment.... [Good cause] is positive conduct [that] is consistent with a genuine desire to work and be self-supporting.... [T]he circumstances motivating an employee to voluntarily terminate employment must be real, not imagi-

nary, substantial, not trifling, and reasonable, not whimsical, and good faith is an essential element.

*Hessler*, 851 S.W.2d at 518. Thus, good cause is determined by the objective standard of what a reasonable person would do in the same or similar circumstances. *Lashea*, 30 S.W.3d at 241. Good cause is a standard of reason applied to the average person, not to the supersensitive. *Tin Man Enterprises*, 866 S.W.2d at 149.

■ An employee should not have to endure verbal abuse as a condition of employment. *Streitz v. Juneau*, 940 S.W.2d 548, 551 (Mo.App. S.D.1997). No employee should have to endure a supervisor cursing at him, saying "mother fuckers," "son-of-a-bitches," and "cock-suckers." Such working conditions would be objectionable to the average person. *See Springfield Grocer Co., Inc. v. Sartin*, 49 S.W.3d 817, 821 (Mo.App. S.D.2001). An employee is not required to continue to be subjected to such profane language. *Streitz*, 940 S.W.2d at 551. Such distasteful, abhorrent comments and conduct would create good cause for an employee to voluntarily leave his work. However, as noted above, good faith is an essential element of good cause; a claimant's voluntary termination of employment must also be in good faith. *Lashea*, 30 S.W.3d at 241. To establish good faith, the claimant must prove an effort was made to resolve the dispute before resorting to the drastic remedy of quitting his job. *Id.* This is consistent with the statutory purpose of providing monetary relief for persons un-

---

pursuant to the unemployment compensation laws of any state equal to ten times the claimant's weekly benefit amount if the deputy finds:
(1) That the claimant has left work voluntarily without good cause attributable to such work or to the claimant's employer;...."

**6.** An employee is deemed to have left work voluntarily when he leaves of his own accord

as opposed to being discharged, dismissed or subjected to layoff by the employer. *See, e.g., Worley v. Division of Employment Security*, 978 S.W.2d 480, 483 (Mo.App. W.D.1998). The employer in this case does not challenge the Commission's finding that the claimant voluntarily left his job; nor do we reach the issue.

employed through no fault of their own. Section 288.020.1; *Clark v. Labor & Industrial Relations Commission,* 875 S.W.2d 624, 627 (Mo.App. W.D.1994). Here, while the claimant did request a transfer to a different department, the claimant was also informed that before he could be transferred, human resources would need to perform an investigation and needed the details, including the specific words of verbal abuse, in order to begin the investigation. According to the human resource administrator, she gave the claimant several opportunities to provide the necessary information. Yet, the claimant declined to provide additional details. We find that the claimant did not act in good faith, and thus, has failed to prove good cause attributable to his work or his employer to quit his job. Accordingly, the Commission erred in its decision. Point granted.

The decision of the Commission is reversed.

CLIFFORD H. AHRENS, P.J., and WILLIAM H. CRANDALL, JR., concur.