Louis STANGLE, Appellant,

v.

MORGAN STANLEY DW, INC. and Division of Employment Security, Respondents.

No. ED 84898.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 1, 2005.

Louis Stangle, Chesterfield, MO, appellant acting pro se.

Morgan Stanley DW, Inc., Attn: Corporate Tax Department, San Francisco, CA, respondent Morgan Stanley acting pro se.

Marilyn G. Green, Jefferson City, MO, for respondent Labor and Industrial Relations Commission.

Before CLIFFORD H. AHRENS, P.J., GLENN A. NORTON, J. and NANNETTE A. BAKER, J.

### *ORDER*

PER CURIAM.

Louis Stangle appeals the Labor and Industrial Relations Commission's determination that Stangle was disqualified from receiving unemployment benefits because he voluntarily quit his job to attend to his wife's and mother-in-law's health needs and not for "good cause attributable to such work or to the claimant's employer" under section 288.050.1(1) RSMo 2000.

We have reviewed the parties' briefs and the record on appeal and find that the Commission's decision is supported by competent and substantial—in fact, uncon-

troverted—evidence, on the whole record, that Stangle voluntarily quit for reasons unrelated to his work or employer. Thus, while he may have had good cause personally for leaving his job, his reasons are not sufficient to entitle Stangle to unemployment benefits under the statute. There is no error of law. *See, e.g., Lashea v. Fin–Clair Corporation,* 30 S.W.3d 237, 241 (Mo.App. E.D.2000) (leaving employment under "compulsion of marital or parental obligation" lacks causal connection with employment required by the statute); *see also generally Hessler v. Labor & Industrial Relations Commission,* 851 S.W.2d 516, 518 (Mo. banc 1993) ("An employee's good cause, subjectively measured, does not avoid the statute's harsh result;" condition motivating decision to quit must have been created by work or employer).

An extended opinion would have no precedential value. We affirm the judgment under Rule 84.16(b).