Matthew AHEARN,
Claimant/Appellant,

v.

LEWIS CAFÉ, INC. and Division
of Employment Security,
Respondents.

No. ED 93235.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 20, 2010.

Matthew Ahearn, St. Clair, MO, pro se.

Christopher S. Short, St. Clair, MO, pro se.

Rachel M. Lewis, (Div. of Employment Security), Jefferson City, MO, for respondents.

GARY M. GAERTNER, JR., Judge.

### Introduction

Matthew Ahearn (Claimant) appeals from the judgment of the Labor & Industrial Relations Commission (Commission) denying him benefits. The Commission adopted the decision of the Appeals Tribunal, which affirmed a determination by the deputy of the Division of Employment Security that Claimant was discharged from his job for misconduct and therefore was disqualified for waiting week credit and benefits for a period of time. We reverse the Commission's decision and remand the case to the Commission for further findings of fact and conclusions of law.

### Factual and Procedural Background

Claimant was employed by Lewis Cafe (Employer) in St. Clair, Missouri from September 2007 until December 6, 2008. When his employment ended, he was the kitchen manager for the night shift. Chris Short, president for Employer, testified that on Claimant's last day of work, Claimant demanded a cook redo an order, saying; "[Q]uit giving me this [shit]. I'm not going to serve it." Short further testified that on the same day, Claimant yelled at a dishwasher who was using a food-safe degreaser to clean shelves, demanding that she rewash every pan on the shelf that came into contact with the chemical, which required the dishwasher to work an hour and a half overtime.

Claimant testified to the following. He agreed that when the cook produced a subpar product, he called it "shit" and made the cook redo it. He admitted that calling the food "shit" in a public area where he could have been overheard by customers was a "bad decision." Claimant also agreed that when he saw the dishwasher using the degreaser, he instructed her to follow the product instructions, which required gloves and a well-ventilated area. As she was cleaning, he noticed that chemicals had splashed on the dishes, so he asked her to run them through the dishwasher. He denied, however, that he yelled at her or asked her to stay past the end of her shift. Claimant specifically denied that he had received any prior warnings about his attitude or being rude to employees.

Short testified that he and Employer's manager had a meeting with Claimant on November 29, 2008, where Short warned Claimant about being rude to the waitresses. Several had complained about him and were refusing to work with him. Short acknowledged that he did not give Claimant any written warnings or have him sign a statement summarizing the meeting. Claimant agreed he had attended a meeting on November 29, but he denied any discussion at that meeting of his yelling at or speaking rudely to other

employees. Upon questioning from Short, Claimant denied allegations that he told two waitresses to shut up on or about November 10 and 19, but he agreed he did on two occasions tell waitresses to get out of the kitchen when the cooks were busy or running behind.

Short terminated Claimant on December 6, citing his rudeness to employees. Claimant submitted a claim for unemployment benefits on December 7. Employer protested his claim, stating that Claimant was rude and degrading toward the other employees where customers could overhear him, despite having received two previous warnings. A deputy for the Division of Employment Security determined that Claimant was disqualified from receiving benefits because he was discharged for misconduct connected with work. Claimant appealed to the Appeals Tribunal.

On February 27, 2009, the Appeals Tribunal held a telephone conference on the appeal, at which time Claimant and Short relayed the above sequence of events. On March 4, the Appeals Tribunal affirmed the deputy's determination and found that Claimant was disqualified for waiting week credit and benefits until Claimant had earned wages for insured work equal to six times his weekly benefit amount. The Appeals Tribunal found that Claimant spoke inappropriately towards subordinates and said "shit" in a public area, more than once, where customers might overhear.

Claimant timely appealed to the Commission, contending that he had received no warnings prior to his termination, that he did not say "shit" more than once, that all employees used profane language, and that he did not receive an employee handbook stating a policy on language expectations for the workplace. On June 4, the

Commission affirmed and adopted the determination of the Appeals Tribunal stating that it was "fully supported by the competent and substantial evidence on the whole record and it [was] in accordance with the relevant provisions of the Missouri Employment Security Law." One of the three commissioners filed a dissenting opinion, stating that Claimant's use of a profane word and rudeness to other employees did not rise to the level of misconduct as defined by Section 288.030.1(23).[1] Rather, the dissent noted that the evidence demonstrated Claimant's intentions were to improve the quality and/or service at the restaurant. Further, the dissent noted that profanity was not prohibited by Employer, nor had Claimant been warned about his use of profanity.

This appeal follows.

### Standard of Review

We review the Commission's decision in an unemployment compensation case pursuant to Section 288.210 to determine whether the Commission, based upon the whole record, could have reasonably made its findings and reached its result. *Partee v. Winco Mfg., Inc.*, 141 S.W.3d 34, 37 (Mo.App. E.D.2004). We may modify, reverse, remand for rehearing, or set aside the Commission's decision only where: 1) the Commission acted without or in excess of its powers; 2) the decision was procured by fraud; 3) the award is unsupported by the facts found by the Commission; or 4) the record lacks sufficient competent evidence to warrant the making of the award. *Id.*

Absent fraud, the Commission's factual findings are conclusive and binding if supported by competent and substantial

---

1. All subsequent statutory references are to RSMo Cum.Supp.2010, unless otherwise indicated.

evidence. *Id.* We defer to the Commission's credibility determinations. *Id.* However, this Court is not bound by the Commission's conclusions of law or its application of the law to the facts, and reviews issues of law de novo. *Guccione v. Ray's Tree Service*, 302 S.W.3d 252, 255–56 (Mo.App. E.D.2010). Whether an employee's actions constitute misconduct related to work is a question of law. *Id.*

## Discussion

■ Claimant's sole point on appeal alleges that the Commission erred in denying employment benefits because there was insufficient evidence to support the decision, the facts did not support the award, and Employer failed to meet its burden of proof that Claimant committed misconduct connected with work.

■■ Misconduct is defined as:

[A]n act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

Section 288.030.1(23). Where an employer alleges the employee was fired for misconduct, the employer bears the burden of demonstrating misconduct by a preponderance of the evidence. *Dobberstein v. Charter Commc'ns, Inc.*, 241 S.W.3d 849, 852 (Mo.App. E.D.2007). Specifically, the employer must show that the employee willfully disregarded the employer's interest or that he knowingly acted against the employer's interests. *Id.* Accidents or negligence without a showing of willful in-

tent cannot rise to the level of misconduct under Section 288.030.1(23). *Id.* at 853.

Here, the Appeals Tribunal's factual findings stated only:

The claimant last worked for the employer on December 5, 2008, and was discharged on December 6, 2008. The final incident was the claimant speaking inappropriately towards subordinates and saying "shit" in a public area, more than once, where customers might overhear.

The Appeals Tribunal did not make any findings of credibility regarding contested facts, or of any incidents prior to the "final incident." Further, in its Conclusions of Law, the Appeals Tribunal stated merely:

The claimant was discharged on December 6, 2008. The issue on appeal is whether the claimant was discharged for "misconduct" as defined by law.

In cases involving a discharge from work, the employer has the burden of proving misconduct by competent and substantial evidence. The claimant does not have the burden of proving the absence of misconduct. *Business Centers of Missouri, Inc. v. Labor and Industrial Relations Commission*, 743 S.W.2d 588, 589–90 (Mo.App. E.D.1988).

The Appeals Tribunal did not then conclude that Claimant had been discharged for misconduct connected with work.

With such a paucity of findings, we cannot say that the denial of benefits is supported by "the facts found by the Commission" or that there is sufficient competent evidence to warrant the denial. *Partee*, 141 S.W.3d at 37. Without more detailed factual or credibility findings, the record is insufficient to establish the requisite "wanton or willful disregard" or such "recurrence as to manifest culpability" to justify disqualification for unemployment benefits on the basis of misconduct. Section 288.030.1(23); *see also Guccione*, 302

S.W.3d at 256–57 ("Absent any findings of credibility by the Commission, and without further detailed findings of fact, we are unable to conclude that Claimant's conduct justified dismissal on the basis of misconduct").

While the facts show that Claimant used profane language and spoke inappropriately, there is a difference between grounds for termination and grounds for disqualification from unemployment benefits. *White v. Wackenhut Corp.*, 208 S.W.3d 916, 918–19 (Mo.App. E.D.2006); *see also Frisella v. Deuster Elec., Inc.*, 269 S.W.3d 895, 899 (Mo.App. E.D.2008) (poor judgment and irresponsible actions are generally not grounds for denying unemployment compensation). Here, Claimant's actions might well have been proper grounds for both termination and a denial of benefits, but the Commission's insufficient findings and unsupported decision prevent meaningful review of the ultimate issue of whether Claimant committed misconduct connected with work. *Cf. Berwin v. Lindenwood Female College*, 205 S.W.3d 291, 296 (Mo.App. E.D.2006).

Point granted.

### Conclusion

We reverse the judgment of the Commission, and we remand the case to the Commission for further findings of fact and conclusions of law.

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J., concur.