Susie **BROWN**, Appellant,

v.

**DIVISION OF EMPLOYMENT SECURITY**, Respondent.

**No. WD 71636.**

Missouri Court of Appeals, Western District.

Sept. 28, 2010.

Samuel I. McHenry, for Appellant.

Ninion S. Riley, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, ALOK AHUJA, Judge and KAREN KING MITCHELL, Judge.

JOSEPH M. ELLIS, Judge.

Susie Brown appeals from a decision issued by the Labor and Industrial Relations Commission denying her request for unemployment benefits. For the following reasons, the Commission's decision is reversed, and the cause is remanded for further proceedings.

Brown was employed as a referral coordinator by Kansas University Physicians, Inc. in Kansas City, Kansas from May 5, 2008, until February 17, 2009. Brown resigned from that position after having been beaten by her husband the previous evening and deciding to move from their home in Lenexa, Kansas, to Rockville, Missouri, where her daughter and brother live, to get away from him.

On March 8, 2009, Brown applied for unemployment benefits in the State of Kansas. A Kansas unemployment insurance judge ultimately determined that Brown was entitled to benefits in that state because, under Kansas law, an individual is not disqualified from receiving benefits if the individual left work due to circumstances resulting from domestic abuse, including the need to relocate to another geographic area in order to avoid future domestic violence.

When she was no longer eligible for benefits in Kansas, Brown filed a claim for unemployment benefits in Missouri. The Division of Employment Security denied her claim, concluding that she had left her employment without good cause attributable to her employer. That determination was upheld by the Appeal's Tribunal. Brown appealed that decision to the Com-

mission, which affirmed the decision of the Appeals Tribunal and adopted that opinion as its own. Brown brings one point on appeal from that decision.

This Court's review of a decision entered by the Commission is governed by Section 288.210, which provides:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

*Hoover v. Community Blood Ctr.,* 153 S.W.3d 9, 12 (Mo.App. W.D.2005) (internal quotations omitted). " '[W]hether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record.' " *Dolgencorp, Inc. v. Zatorski,* 134 S.W.3d 813, 817 (Mo.App. W.D.2004) (quoting *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003)). " 'An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence.' " *Id.* (quoting *Hampton,* 121 S.W.3d at 223).

"In considering the whole record, this court defers to the Commission's determination as to the credibility of witnesses." *Id.* On the other hand, "on appeal, we are

'not bound by the Commission's conclusions of law or the Commission's application of law to the facts.'" *Hoover,* 153 S.W.3d at 12 (quoting *McClelland v. Hogan Pers., LLC,* 116 S.W.3d 660, 664 (Mo. App. W.D.2003)).

The Commission's decision contained the following findings of fact and conclusions of law:

### FINDINGS OF FACT:

The claimant was employed by Kansas University Physicians as a referral coordinator from January 30, 2008 to February 17, 2009, when she resigned to relocate to another state. The claimant relocated due to domestic violence. The claimant's husband blackened her eye, and beat her to the point she had red and purple bruises covering her body. The claimant had divorced her husband in 1996 due to abuse. Since they remarried, the episodes of abuse have become worse. The claimant has not contacted her husband since she left Kansas.

\*     \*     \*

### CONCLUSIONS OF LAW:

The issue is whether the claimant is disqualified for benefits, by reason of her separation from work on February 17, 2009. A claimant shall be determined disqualified for benefits when the claimant had left employment voluntarily without good cause attributable to the work or to the employer.

To be "attributable" the circumstance motivating the employee to leave work must be work related. See *Bussmann Manufacturing Co. v. Industrial Commission of Missouri,* 327 S.W.2d 487 (Mo.App.1959).

The claimant resigned her position due to domestic violence, which is a circumstance unrelated to the job. So, the claimant did not leave work for good cause attributable to the work or to the employer.

Therefore, the Appeals Tribunal must conclude that the claimant is disqualified for benefits, by reason of her voluntary separation from work on February 17, 2009.

In her sole point on appeal, Appellant claims that the Commission erred in finding that she voluntarily left her employment without good cause related to her employer because she was coerced into leaving her employment due to domestic abuse. She argues that her continued employment with Kansas University Physicians and her presence in the Kansas City area threatened her safety in light of death threats made by her husband.

Section 288.050.1(1) states that a claimant is disqualified from receiving benefits if "the claimant has left work voluntarily without good cause attributable to such work or to the claimant's employer." The Missouri Supreme Court has defined "voluntary" as "proceeding from the will: produced in or by an act of choice," and held that "[t]his meaning requires a court to make a factual determination regarding voluntariness." *Difatta–Wheaton v. Dolphin Capital Corp.,* 271 S.W.3d 594, 598 (Mo. banc 2008) (internal quotation omitted). The Supreme Court noted that unemployment benefits were "for the benefit of persons unemployed through no fault of their own" and held that "those who leave work involuntarily are never disqualified from eligibility under [§ 288.050.1(1) ]."[1]

---

1. The Division argues that the General Assembly's later enactment of § 288.501(2)(c), RSMo Cum.Supp.2009, which provides that a claimant shall not be disqualified for unemployment benefits if he or she leaves employment due to domestic violence, indicates that the termination of employment due to such circumstances was not previously addressed

*Id.* (internal quotation omitted). In so holding, the Missouri Supreme Court reversed a large volume of case law that had held employees were *per se* disqualified for benefits in any case in which their reason for unemployment was a physical condition not attributable to the employer, i.e. pregnancy or illness. *Id.* at 598 n. 7. *Difatta–Wheaton* found that the employee's unemployment in that case was not voluntary because "[i]t cannot be said that she made a choice or was otherwise responsible for her ovarian cancer, its complications, or the timing of their occurrence. And, she took the steps necessary to preserve her employment given these uncontrollable factors." *Id.* at 599; *see also Korkutovic v. Gamel Co.,* 284 S.W.3d 653, 657–58 (Mo. App. E.D.2009).

Certainly there can be instances where the factual circumstances surrounding a case of domestic abuse are such that the victim has no choice but to resign or temporarily leave their employment and relocate in order to escape serious physical harm. In its decision, however, the Commission, despite finding credible Brown's claims of abuse, failed to enter any finding of fact addressing whether Brown's resignation was voluntary or whether she had any other real choice in the matter.[2] Likewise, the Commission's conclusions of law focused entirely upon the issue of whether her reason for unemployment was attribut-

able to her employer and included no analysis of voluntariness of her resignation as required by *Difatta–Wheaton v. Dolphin Capital Corp.,* 271 S.W.3d 594, 598 (Mo. banc 2008).

While the Division of Employment Security generally argues that this case should be differentiated from *Difatta–Wheaton* because "there were other steps [Brown] could have taken to end the abuse while preserving her employment," the Division cites no evidence or authority supporting that proposition, and the Commission made no factual findings related thereto. Certainly, on remand, in determining whether Brown's resignation was voluntary, the Commission will be afforded an opportunity to consider whether Brown's claim that she had no other reasonable options available to her is credible, and whether she acted reasonably with respect to her employment in light of the difficult circumstances she faced.

For the foregoing reasons, the Commission's decision is reversed, and the cause is remanded for further proceedings consistent with this opinion.

All concur.

by § 288.050. Section 288.501 was enacted by the General Assembly to enable the State to receive payments under the federal American Recovery and Reinvestment Act of 2009, and apparently never took effect due to the failure of the condition specified in § 288.501(8). We have previously recognized that similar state statutes enacted as a condition of participation in federal grant or other cooperative programs do not necessarily reflect that the matters addressed were not otherwise subject to Missouri statutes, but that such new federal-counterpart statutes may instead merely be intended to clarify the scope of existing Missouri law. *See Self v. Midwest Orthopedics Foot & Ankle, P.C.,* 272 S.W.3d 364, 369–70

(Mo.App. W.D.2008) (quoting *Mo. Comm'n on Human Rights v. Red Dragon Rest., Inc.,* 991 S.W.2d 161, 167 (Mo.App. W.D.1999)). Section 288.501(2)(c) does not prevent this Court from determining, consistently with *Difatta–Wheaton,* that unemployment related to domestic violence may be involuntary under § 288.050.

2. The Commission made no finding as the credibility of Appellant's testimony that her husband had made death threats to her or the reasonableness of her belief of any such threats.