Timothy SCHWEITZER, Appellant,

v.

SINAK PLUMBING and Division of Employment Security, Respondents.

No. ED 96337.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 8, 2011.

John J. Ammann, Leah Wilson (Rule 13), Saint Louis University Law Clinic, St. Louis, MO, for appellant.

Larry R. Ruhmann, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

**Background and Procedural History**

Appellant Timothy Schweitzer worked as a plumber for Respondent Sinak Plumbing, Inc. for approximately twenty-five years. On Monday, 13 September 2010, Schweitzer came in to work and resigned. He spoke only with office manager Angie Weber on that day, and he told her that he was resigning because he needed to access funds from his 401k.

Schweitzer filed for unemployment compensation benefits on 15 September 2010. Schweitzer cited several instances of harassment by owner Bobby Sinak as the reason for his resignation. A Deputy at the Division of Employment Security ("DES") initially found Schweitzer was eligible for benefits as he had quit voluntarily with good cause. Sinak appealed. The

Appeals Tribunal held a telephone conference hearing on 1 November 2010. Only Schweitzer and Ms. Weber testified.

Schweitzer testified that he quit because the owner and supervisor, Bobby Sinak, had threatened and harassed him on several occasions. He testified that Bobby would throw things at him, and once pulled bullets out his pocket and asked another worker what the worker thought the bullets would do to Schweitzer. He testified that the stress was too much. Schweitzer also admitted that he needed funds from his 401k.

Ms. Weber testified that when Schweitzer came into the office on 13 September 2010, he told her that he was quitting because he needed funds from his 401k. She testified that Steve Aaron, Schweitzer's immediate supervisor, told her that Schweitzer was quitting because he needed the 401k funds. She testified that she was not aware of any threats made by Bobby Sinak towards Schweitzer.

The Appeals Tribunal affirmed the Deputy's determination. Sinak appealed the decision to the Labor and Industrial Relations Commission ("Commission"). On 21 January 2011, the Commission issued an order reversing the decision of the Appeals Tribunal. The Commission found that that Schweitzer had voluntarily left his employment without good cause. Aggrieved, Schweitzer now appeals the Commission's decision.

## Standard of Review

"The findings of the commission as to the facts, if supported by competent and substantial evidence and in absence of fraud, shall be conclusive." Mo.Rev.Stat. § 288.210 (2006). We review, independently, questions of law as applied to the facts. *Id.*

## Discussion

■ Schweitzer raises a single point on appeal. He argues that the Commission erred in concluding that he resigned without "good cause" because the overwhelming evidence showed that that his ultimate supervisor "threw things at him and yelled at him on occasion and on one occasion threatened him with bullets."

While Schweitzer spends a great deal of time arguing evidence that Bobby Sinak had harassed Schweitzer on several occasions, the Commission found that this was not the reason for his resignation:

We find employer's witness's testimony more credible that claimant's. Ms. Weber testified based on firsthand knowledge that claimant was only resigning so that he could access his 401k funds. Claimant even admitted that this was one reason he was resigning. Ms. Weber testified that she had no knowledge of claimant ever complaining about the owner's treatment of him and that claimant did not mention his alleged feelings of being threatened when he came into work to inform her that he was resigning on September 13, 2010. Based on the credible evidence, we find that claimant resigned in order to access his 401k funds.

Clearly the Commission considered the testimony of both Ms. Weber and Schweitzer. The two parties presented differing accounts of the reasons underlying Schweitzer's resignation, but the Commission found Ms. Weber's testimony more convincing. We defer to the Commission's determinations on matters of witness credibility and in resolving conflicting evidence. *Ayers v. Sylvia Thompson Residence Center*, 211 S.W.3d 195, 198 (Mo.App. W.D. 2007). Because Ms. Weber's testimony constitutes substantial and credible evidence, and there are no allegations of fraud, we are thus bound by the finding

that Schweitzer resigned in order to access his 401k funds. § 288.210. The remaining question then is whether resigning to access 401k funds supports an award of unemployment benefits.

Section 288.050(1) provides that a claimant is not entitled to unemployment benefits where he or she voluntarily terminates their employment without "good cause" attributable to such work. The claimant bears the burden of establishing good cause for leaving his employment. *Hessler v. Labor & Indus. Rel. Com'n*, 851 S.W.2d 516, 518 (Mo. banc 1993). Whether Schweitzer's reason for leaving employment constituted good cause attributable to such work or to his employer is a legal issue on which we do not defer to the Commission's determination. *Rodriguez v. Osco Drug*, 166 S.W.3d 138, 141 (Mo. App. W.D.2005).

Schweitzer admitted that he resigned, so there is substantial and competent evidence to support the Commission's finding of voluntary resignation. The determinative issue is whether Schweitzer resigned with "good cause."

In order to establish "good cause," the decision to resign must be both reasonable and in good faith. *Id.* On the issue of reasonableness, previous cases have shown that "good cause" typically involves some type of harassment, inappropriate comments, or other objectionable behavior on the part of the employer. *See Streitz v. Juneau*, 940 S.W.2d 548 (Mo.App. S.D. 1997); *Springfield Grocer Co. v. Sartin*, 49 S.W.3d 817 (Mo.App. S.D.2001). Resigning for the purpose of accessing funds from a 401K account is not reasonable for the purposes of good cause because it is a personal motivation over which the employer has no control. Because Schweitzer's decision to resign was not reasonable, we need not address the issue of good faith. Good cause is not established, and

an award of unemployment benefits is not supported. Therefore, the judgment of the Commission is affirmed.

KENNETH M. ROMINES, J. KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.